And paragraph 23 of the court's charge above copied.

As stated above by us, we believe that Willie Wilbur was not an accomplice, but, as the appellant requested charges on that subject, even going to the extent of requesting the court to specifically state that she was an accomplice, the charge of the court on the subject was substantially correct, and much more favorable to appellant than was requested by him, except that he did not charge in so many words, as requested, that she was an accomplice.

[18] It has been uniformly held by this court that unless the evidence, without doubt, shows that a witness is an accomplice, the court must submit that question to the jury to find, and the court properly did so in this case.

[19] None of the criticisms of the court's charge on this subject are well taken, nor are they of sufficient importance to require a reversal of the judgment in this case.

We have given this case thorough study and investigation. We, like appellant's attorneys, cannot fully understand from the record why the jury did not convict the appellant of murder in the first degree, and

even inflict the death penalty. The record convinces us that beyond question he unlawfully killed this child, and that he was not convicted of a higher crime or given a severer punishment results to his benefit, and not to his injury. The record in our opinion shows no such error as would authorize or justify this court to reverse this case.

Hence it will in all things be affirmed.

---

### HICKMAN v. STATE.

(Court of Criminal Appeals of Texas. Dec. 20, 1911.)

CRIMINAL LAW (§ 1097*)—APPEAL—RECORD—STATEMENT OF FACTS—BILL OF EXCEPTIONS.

Objection that a conviction is contrary to the law, and unsupported by the evidence, cannot be reviewed, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1097.*]

Appeal from Dallas County Court at Law; W. F. Whitehurst, Judge.

Fred Hickman was convicted of carrying a pistol, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was convicted for carrying a pistol, and his punishment assessed at 40 days in the county jail.

There is no statement of facts, nor bill of exceptions in the record.

The only complaint is that the verdict of the jury is contrary to the law and the evidence, and not supported by the evidence. Of course, this cannot be considered in the absence of a statement of facts.

The charge is in regular form. The charge of the court submits the case on a theory that clearly could have been proven under the charge.

The judgment will be affirmed.